# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 2:12-CR-191** |
| **v.** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | **Magistrate Judge Norah M. King** |
| **ROBERT E. HAINES, JR.,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

This matter is before the Court on Defendant Robert Haines, Jr.'s ("Defendant" or

"Haines") Motion to Dismiss Counts 1-5 of the Indictment as untimely in view of the Statute of

Limitations, (Doc. 33). For the reasons set forth below, Defendant's motion is **DENIED**.

## I. BACKGROUND

A Federal Grand Jury issued its 6-count indictment against Haines on September 18,

2012. (Doc. 12.) Count 1 alleges a conspiracy to commit bank fraud from October 2004 through

2006, in violation of 18 U.S.C. § 1349. Counts 2 through 4 allege bank fraud relating to real

estate transactions occurring on November 2006 and May 2007, in violation of 18 U.S.C. § 1344.

Count 5 alleges that Defendant failed to file a federal income tax return for 2006, in violation of

26 U.S.C. § 7203. Count 6 alleges that Defendant failed to file a federal income tax return for

2007, in violation of 26 U.S.C. § 7203. Defendant now moves to dismiss counts 1-5 of the

indictment as untimely pursuant to the applicable statutes of limitations.

## II. LAW AND ANALYSIS

Defendant argues Counts 1-4 are governed by the five-year statute of limitations for non-

capital offenses set forth in 18 U.S.C. § 3282, and therefore Haines 2012 indictment was not

timely on those counts. By its plain language, however, § 3282 is not applicable where an alternative time limitation is "otherwise expressly provided by law." 18 U.S.C. § 3282(a). The statute of limitations for financial institution offences is governed by 18 U.S.C § 3293, which provides that an indictment must be returned "within 10 years after the commission of the offence." Section 3293 applies both to violations of and conspiracies to violate 18 U.S.C. § 1344 (bank fraud). Count 1 (alleging conspiracy to violate 18 U.S.C. § 1344, in violation of § 1349) and Counts 2-4 (alleging violations of 18 U.S.C. § 1344) are therefore all subject to a ten-year statute of limitations, and were timely filed.

Defendant also argues that the indictment on Count 5 (willful failure to file a federal income tax return for 2006) was not timely, because it was not returned within the six year period set forth by 26 U.S.C. § 6531. The statute of limitations, however, is computed from the due date of the return, which, in the case of the 2006 tax year, was April 17, 2007. Therefore, the latest the indictment on Count 5 could have been returned was April 17, 2013. Because the indictment was handed down on September 18, 2012, Count 5, too, was timely.

## III. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Counts 1-5 in light of applicable statutes of limitations is **DENIED.**

**IT IS SO ORDERED.**

**s/ Algenon L. Marbley**
**Algenon L. Marbley**
**United States District Judge**

**Dated: June 20, 2013**

2